## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY THURLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:16-cv-179-NT |
| | ) |
| YORK HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION TO VACATE

On March 25, 2016, the Plaintiff filed his Complaint, the Summons was issued and, although he did not serve the Summons and Complaint at that time, the Plaintiff emailed a copy of the Complaint and the Summons to the Defendant's attorney. July 15, 2016 Aff. of Christopher Taintor ¶ 5 (ECF No. 18-1). The Plaintiff's attorney explained that the reason he did not serve the Summons and Complaint immediately was because he "had filed the complaint more hurriedly than [he] would have liked, in order to avoid a time bar, and [he] intended to continue [his] investigation before making service." July 7, 2016 Aff. of Christopher Taintor ¶ 9 (ECF No. 11-1).

On June 27, 2016, the Clerk of Court issued an Order to Show Cause asking the Plaintiff to explain "why [] service was not timely made." Order to Show Cause (ECF No. 7). After receiving this Order, the Plaintiff's attorney served the Defendant with an Amended Summons on June 30, 2016. July 7, 2016 Taintor Aff. ¶ 12. The Clerk of Court then issued a second Order to Show Cause stating that "[t]he deadline for service of process was June 23, 2016 [and] on July 1, 2016, the plaintiff filed with the Court proof of summons executed on June 30, 2016." Order to Show Cause (ECF

No. 10). The Court then directed that "the plaintiff shall show cause in writing, no later than July 11, 2016, why service was not timely made." Order to Show Cause (ECF No. 10). On July 7, 2016, the Plaintiff responded to the Orders to Show Cause stating that he mistakenly believed that he had 120 days to serve the Complaint and now understands that the rule allows only 90 days to serve the Complaint. July 7, 2016 Taintor Aff. ¶ 10. I found the Plaintiff had shown good cause and terminated the Orders to Show Cause. Order (ECF No. 12).

The defendant then moved to vacate my orders finding good cause. Mot. to Vacate (ECF No. 17). The Plaintiff responded to the Motion to Vacate. Resp. to the Mot. to Vacate (ECF No. 18). The Defendant has also filed a Motion to extend Time to File an Answer (ECF No. 21).

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, the rule requires a two-part analysis: first, the Court must determine whether a plaintiff has shown good cause for failing to timely serve a defendant, and if the plaintiff so shows, the Court must extend the time for service for an appropriate period; second, if good cause has not been shown, the Court must either dismiss the action without prejudice or direct that service be made within a specified time period.

2

**I.     Good Cause**

Under Rule 4(m), the plaintiff bears the burden of establishing that there was good cause for his failure to serve the Defendant within 90 days of filing his Complaint. *United States v. Ayer*, 857 F.2d 881, 884-85 (1st Cir. 1988). Plaintiff's counsel admits fault for failing to timely serve the Defendant, explaining that he consulted an outdated rule book and mistakenly thought he had 120 days to provide service. The Plaintiff did not provide service of process until June 30, 2016, which was 97 days after filing his Complaint. The Plaintiff had full control over the time and manner in which the Defendant was served and simply failed to timely effect service. Upon reconsideration, I agree with the Defendant that the Plaintiff has not shown "good cause" under Rule 4(m) for his failure to serve the Complaint within 90 days.

**II.    Discretion to Permit Late Service of Process**

When no good cause is found for a Rule 4(m) violation, a court has discretion either to dismiss the claims against the defendant without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m); *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (citing Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment); *Moreno-Perez v. Toledo-Davila*, 266 F.R.D. 46, 50 (D. P.R. 2010). The Advisory Committee Note to the 1993 Amendments states that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." The Note mentions certain situations in which relief in the absence of good cause may be appropriate, such as when the refiled action would be time-barred, when the defendant evades service,

and when pro se plaintiffs deserve protection. Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment.

In deciding whether to grant a discretionary extension, courts look at several factors, including whether: (1) the party to be served received actual notice of the lawsuit; (2) the defendant would suffer prejudice; and (3) the plaintiff would be severely prejudiced if his complaint were dismissed. *Moreno–Perez*, 266 F.R.D. at 50 (quoting *United States v. Tobins*, 483 F. Supp. 2d 68, 79–80 (D. Mass. 2007)); *Bunn v. Gleason*, 250 F.R.D. 86, 90 (D. Mass. 2008).

I find that all the factors weigh clearly in favor of permitting the late service of the Complaint on the Defendant in this case. First, the Defendant had actual notice of the lawsuit because the Plaintiff sent via email a copy of the Complaint and the Summons to the Defendant's attorney on March 25, 2016. Turning to prejudice, courts consider whether the extension of time would cause actual prejudice to the defendant other than the inherent prejudice in having to defend the lawsuit. A defendant suffers prejudice when the delay harms his or her ability to mount an effective defense. *Moreno–Perez*, 266 F.R.D. at 50-51. The Defendant here does not even assert that it would suffer any actual prejudice by allowing the late service. In determining that the defendants were not prejudiced in *Moreno-Perez*, the court relied on the fact that they were served expediently, a few days past the deadline, and thus were aware of the claims against them. *Id*. Similarly, in this case, service was made on June 30, 2016, only seven days past the deadline and the Defendant had received a copy of the Complaint on March 25, 2016. Finally, the Plaintiff will be

severely prejudiced by not allowing the late service as the three-year statute of limitations found in 31 U.S.C. 3730(h) would prevent the refiling of the case.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Vacate the Order finding good cause is **GRANTED,** but I will permit the late service pursuant to Rule 4(m). The Defendant's Motion to Extend Time to Answer is **GRANTED**.

SO ORDERED.

/s/ Nancy Torresen  
United States Chief District Judge

Dated this 27th day of July, 2016.